IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

JOSE LEBRON TORRES,
on behalf of himself and the
class members described below,

        Plaintiff,

vs.

CHARLENE POWELL DRONET;
CHARLES MAXWELL POWELL JR.;
DRONET REALTY & PROPERTY
MANAGEMENT, PLLC;
POWELL MANAGEMENT &
INVESTMENTS, LLC;
REGINA O. HICKMAN and
CHARLENE POWELL DRONET,
as trustee and successor trustee of the
CAMINO GRANDE TRUST;

        Defendant.

1:22cv262 TBM-RPM

## COMPLAINT – CLASS ACTION

### NATURE OF THE ACTION

1. Plaintiff brings this action for damages pursuant to the Truth in Lending Act ("TILA"), as amended by the Home Ownership and Equity Protection Act ("HOEPA"), 15 U.S.C. §1601 et seq. ("TILA") and Regulation Z, 12 C.F.R. part 1026.

2. HOEPA is an amendment to TILA intended to protect consumers against predatory lending, by requiring special disclosures for loans above a specified rate and prescribing limitations on the terms of such loans.

### JURISDICTION AND VENUE

3. This Court has jurisdiction under 15 U.S.C §1640 and 28 U.S.C. §§1331 and 1337.

4. This Court has personal jurisdiction over Defendants because Defendants are located in Mississippi, solicited business from residents of Mississippi, collected money from residents of Mississippi, and took security interests in Mississippi real estate.

1

5. Venue in this District is proper because a material portion of the events at issue occurred here.

6. Article III is satisfied because Plaintiff and each class member is entitled to damages for entering into a loan with an excessive interest rate without disclosures required by law and containing oppressive provisions prohibited by law.

7. Actions for violations of statutes protecting individuals against excessive interest, including reduction or voiding of loans and statutory damages, were entertained by courts in the United Kingdom (Usury Act of 1713, 12 Anne s. 2 c. 17) and all of the original states in 1789.

## PARTIES

8. Plaintiff Jose Lebron Torres is resident and domiciliary of Gautier, Jackson County, Mississippi.

9. Defendants are a series of related companies and individuals conducting a business involving the sale of homes on credit. As set forth in detail below, during the transactions at issue, no one was identified as the "creditor," although that is a required disclosure under TILA. Instead, the documents executed in connection with the transaction state that the loan at issue is made by, and payments are to be made to, "C. Powell, as agent." They do not specify which of two persons with the first initial "C" and the name "Powell" is intended, or identify the principal. The documents direct that payments be made to a business name that is not a legal entity and is not identifiable with any legal entity. On information and belief, this was done for the purpose of obscuring the persons and entities responsible for the transaction. Accordingly, Plaintiff names as defendants all of the companies and individuals conducting the business, and awaits discovery to determine who shall be considered the "creditor" for TILA purposes.

10. Defendant Charlene Powell Dronet may be found at 1741 Jackson Avenue, Pascagoula, MS 39567.

11. Defendant Charlene Powell Dronet is the sole officer of Defendant Dronet Realty & Property Management, PLLC, a Mississippi limited liability company with offices at 1741 Jackson

2

Avenue, Pascagoula, MS 39567.

12. Defendant Charles Maxwell Powell Jr., who on information and belief is related to Charlene Powell Dronet, may also be found at 1741 Jackson Avenue, Pascagoula, MS 39567.

13. Charles Maxwell Powell Jr. is the sole officer of Defendant Powell Management & Investments, LLC, a Mississippi limited liability company with offices at 1741 Jackson Avenue, Pascagoula, MS 39567.

14. The property at 2300 Camino Grande, Gautier, MS 39533 is held in the name of Camino Grande Trust, 1741 Jackson Ave., Pascagoula, MS 39567-4426. Regina O. Hickman is trustee of the Camino Grande Trust and Charlene Powell Dronet is the successor trustee. Plaintiff names both in their capacity as Trustee (as well as Dronet individually). Defendant Hickman may be found at 1741 Jackson Avenue, Pascagoula, MS 39567.

## FACTS

15. On or about October 16, 2020, Plaintiff Jose Lebron Torres entered into a series of contracts for the purchase on time of the real estate at 2300 Camino Grande, Gautier, MS 39553, as a residence.

16. The property at 2300 Camino Grande, Gautier, MS 39533 is held in the name of Camino Grande Trust, 1741 Jackson Ave., Pascagoula, MS 39567-4426. Regina O. Hickman is trustee of the Camino Grande Trust and Charlene Powell Dronet is the successor trustee. (Attachment A)

17. The property was deeded into the trust by Powell Management & Investments, LLC. (Attachment A) The deed is signed by Charles Maxwell Powell, Jr.

18. Plaintiff entered into the contract in response to an advertisement, "Max Owner Finances Homes." (Attachment B) The advertisement provides as a contact telephone number (228) 447-3727. This number is that of Dronet Realty & Property Management, PLLC, a company of which Defendant Charlene Powell Dronet is the sole officer. (Attachment C)

19. Plaintiff dealt with a male, whom he believes to be Charles Maxwell Powell Jr.

20. The purchase price was $110,000.

21. Jose Lebron Torres put $2,500 down.

22. Jose Lebron Torres received or signed the following documents:

    a. A "Standard Agreement for Real Estate Deed," including Addendum A (Attachment D), with "C. Powell as agent" providing for the $110,000 purchase price and a down payment of $12,500. The "Standard Agreement for Real Estate Deed" provided that if Mr. Lebron Torres defaulted on any contract with "C. Powell as agent," all contracts would be considered in default. This had the effect of making all contracts between Mr. Lebron Torres and "C. Powell as agent" secured by the property.

    b. The "Standard Agreement for Real Estate Deed" (Attachment D) states (paragraph 18) that "The words 'First Party' and 'Second Party' herein employed" include the plural as well as the singular, so that there may be more than one principal.

    c. The Addendum A stated that C. Powell was agent for Pro Management Trust. This is not a legal entity chartered in or registered to do business in Mississippi.

    d. A "Note to Secure Agreement," in the amount of $100,425 (Attachment E), payable to "Pro Management Trust";

    e. A "Promissory Note" for $10,000 (Attachment F) of the $12,500 down payment, providing for 18% interest, payable to C. Powell as agent for Pro Management Trust;

    f. An "Independent Contractor Services Agreement," including Exhibits A and B (Attachment G), providing that Mr. Lebron Torres would perform services to rehabilitate the property being purchased, which work would be credited against the $10,000 "Promissory Note."

g.  A "Notice of Agreement for Real Estate Deed" (Attachment H). This document provides the telephone number (228) 447-3727 for "C. Powell as agent," the contracting party. The telephone number is that of Dronet Realty & Property Management, PLLC.

h.  A "Quitclaim Deed Under Power" (Attachment I), entitling C. Powell as agent to regain title in the event of default.

23. Plaintiff Jose Lebron Torres also received a letter informing him to make payments to Pro Management Trust, 1741 Jackson Avenue, Pascagoula, MS 39567. (Attachment J). The telephone number is that of Dronet Realty & Property Management, PLLC.

24. As noted above, "Pro Management Trust" is not a legal entity.

25. Each of Attachments B and D-J is a standard form document, regularly used by Defendants.

26. "C. Powell" is either or both of Charlene Powell Dronet and Charles Maxwell Powell Jr.

27. Since "C. Powell" is not fully disclosed in the agreements – with full name and the name of the principal – Charlene Powell Dronet and Charles Maxwell Powell Jr. may be treated as the principal and creditor.

28. During the last three years, more than 40 properties have been sold by Defendants on terms similar to those described above, using the same form documents identified above.

## COUNT I -- TILA/ HOEPA

29. Plaintiff incorporates paragraphs 1-28.

30. The 18% interest rate in Attachment F made it subject to HOEPA, 15 U.S.C. §§1602(bb) [formerly 1602(aa)] and 1639 and 12 C.F.R. §1026.32(a).

31. Section 1602(bb) applies to a "high cost mortgage," defined to include "a consumer credit transaction that is secured by the consumer's principal dwelling, other than a reverse mortgage transaction, if – (i) in the case of a credit transaction secured – (II) by a subordinate or junior

5

mortgage on the consumer's principal dwelling, the annual percentage rate at consummation of the transaction will exceed by more than 8.5 percentage points the average prime offer rate, as defined in section 129C(b)(2)(B) [15 USCS § 1639c(b)(2)(B)], for a comparable transaction . . . ." To the same effect is Regulation Z, 12 C.F.R. §1026.32(a).

32. At the time of the Plaintiff's transaction, the applicable average prime offer rate was about 3.02%.

33. Attachment F is part of a "residential mortgage transaction" as defined in 15 U.S.C. §1602(x), which defines the term to include "a transaction in which a mortgage, deed of trust, purchase money security interest arising under an installment sales contract, or equivalent consensual security interest is created or retained against the consumer's dwelling to finance the acquisition or initial construction of such dwelling." To the same effect is Regulation Z, 12 C.F.R. §1026.2(a)(24).

34. Defendants did not provide Plaintiff with the special disclosures and warnings required by 15 U.S.C. §1639(a)-(b) and 12 C.F.R. §1026.32(d) or with pre-loan counseling as required by 12 C.F.R. §1026.34(a)(5).

35. The "Promissory Note" provides for late fees in excess of those permitted by 15 U.S.C. §1639(k) and 12 C.F.R. §1026.34(a)(8).

36. The "Standard Agreement for Real Estate Deed" contains an arbitration clause prohibited by 15 U.S.C. §1639c(e) and 12 C.F.R. §1026.36(h).

## CLASS ALLEGATIONS

37. Plaintiff brings this claim on behalf of a class, pursuant to Fed.R.Civ.P. 23(a) and 23(b)(3).

38. The class consists of all persons who, on or after a date 3 years prior to the filing of this action, entered into a contract with any of the Defendants on a form similar to Attachment F at a rate exceeding 12%.

39. Plaintiff may alter the class definition to conform to developments in the case and

discovery.

40. On information and belief, there are more than 40 members of the class, and each class is so numerous that joinder of all members is not practicable.

41. There are questions of law and fact common to the class members, which common questions predominate over any questions relating to individual class members. The predominant common questions are:

    a. The persons responsible for the loans;

    b. Whether the loans are subject to HOEPA;

    c. Whether the loans violate HOEPA;

42. Plaintiff's claim is typical of the claims of the class members. All are based on the same factual and legal theories.

43. Plaintiff will fairly and adequately represent the class members. Plaintiff has retained counsel experienced in class actions and consumer litigation.

44. A class action is superior for the fair and efficient adjudication of this matter, in that:

    a. Individual actions are not economically feasible.

    b. Members of the class are likely to be unaware of their rights;

    c. Congress intended class actions to be the principal enforcement mechanism under the TILA.

WHEREFORE, the Court should enter judgment in favor of Plaintiff and the class members and against Defendants for:

i. Statutory damages as provided under 15 U.S.C. §1640;

ii. Litigation expenses, reasonable attorney fees and costs as provided under 15 U.S.C. §1640; and

iii. Such other or further relief as the Court deems appropriate.

s/ Jason Graeber
Jason Graeber

Jason Graeber
250 Beauvoir Road, Suite 4C
Biloxi, MS 39501
(228) 207-7117
jason@jasongraeberlaw.com

admission pro hac vice to be applied for

Daniel A. Edelman
Tara L. Goodwin
**EDELMAN, COMBS, LATTURNER & GOODWIN, LLC**
20 South Clark Street, Suite 1500
Chicago, IL 60603-1824
(312) 739-4200
(312) 419-0379 (FAX)
Email address for service: courtecl@edcombs.com

## JURY DEMAND

Plaintiff demands trial by jury.

s/ Jason Graeber
Jason Graeber

T:\38981\Pleading\Complaint -- multiple defendants_Pleading.wpd

## NOTICE OF ASSIGNMENT

Please be advised that all rights relating to attorney's fees have been assigned to counsel.

s/ Jason Graeber
Jason Graeber

## DOCUMENT PRESERVATION DEMAND

Plaintiff hereby demands that each defendant take affirmative steps to preserve all recordings, data, documents, and all other tangible things that relate to Plaintiff, the events described herein, any third party associated with any telephone call, campaign, account, sale or file associated with Plaintiff, and any account or number or symbol relating to them. These materials are likely very relevant to the litigation of this claim. If defendant is aware of any third party that has possession, custody, or control of any such materials, Plaintiff demands that defendant request that such third party also take steps to preserve the materials. This demand shall not narrow the scope of any independent document preservation duties of the defendant.

s/ Jason Graeber
Jason Graeber

T:\38981\Pleading\Complaint -- multiple defendants_Pleading.wpd